IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION
No. 5:13-CR-123-D
No. 5:16-CV-651-D

CHRISTOPHER JASON WILLIAMS, )
)
Petitioner, )
) **ORDER**
v. )
)
UNITED STATES OF AMERICA )
)
Respondent. )

On July 5, 2016, Christopher Jason Williams ("Williams") moved under 28 U.S.C. § 2255 to vacate his 540-month sentence [D.E. 62]. On August 1, 2016, Williams filed an amended section 2255 motion [D.E. 64]. On November 15, 2016, the government moved to dismiss Williams's motion [D.E. 67] and filed a supporting memorandum [D.E. 68]. On December 9, 2016, Williams responded in opposition [D.E. 70]. On January 13, 2017, the government moved to dismiss Williams's amended motion [D.E. 73] and filed a supporting memorandum [D.E. 74]. On February 6, 2017, Williams responded in opposition [D.E. 80]. As explained below, the court grants the government's motions to dismiss.

I.

On July 15, 2013, pursuant to a plea agreement, Williams pleaded guilty to two counts of sex trafficking of children in violation of 18 U.S.C. § 1591(a)(1) and 1591(b)(2). See [D.E. 1, 22]; Presentence Investigation Report [D.E. 33] ¶¶ 1, 4. Before sentencing, the United States Probation Office ("Probation") prepared a Presentence Investigation Report ("PSR"). In the PSR, Probation calculated Williams's advisory guideline range as 360 months to life based on a total offense level of 42 and a criminal history category III. See PSR ¶¶ 49–75. On December 2, 2013, at Williams's

sentencing hearing, the court adopted the facts set forth in the PSR and overruled an objection that did not affect the advisory guideline range. See Sentencing Tr. [D.E. 49] 5–6; Fed. R. Crim. P. 32(i)(3)(A). After considering the entire record, arguments of counsel, and the section 3553(a) factors, this court sentenced Williams to 540 months' imprisonment on both counts to run concurrently. See Sentencing Tr. at 122–32.

Williams appealed. On June 4, 2014, the United States Court of Appeals for the Fourth Circuit affirmed Williams's conviction, enforced the appellate waiver in Williams's plea agreement, and dismissed his appeal of his sentence. See United States v. Williams, 575 F. App'x 130, 130–31 (4th Cir. 2014) (per curiam) (unpublished).

In Williams's section 2255 motions, Williams makes five claims. First, he contends that his sentence violates Johnson v. United States, 135 S. Ct. 2551 (2015). See [D.E. 62] 4. Second, he contends that his guilty plea was not knowing and voluntary due to ineffective assistance of counsel. See [D.E. 64-1] 6. Third, he alleges ineffective assistance of counsel because counsel failed to move to suppress evidence resulting from an allegedly illegal search of Williams's cell phone. See id. at 10. Fourth, he alleges ineffective assistance of counsel because counsel did not file a motion to withdraw Williams's guilty plea. See id. at 13. Fifth, he alleges that a state detective's alleged falsification of evidence in another case "brings into question the veracity" of the evidence in Williams's case and the validity of Williams's conviction. Id. at 15. The government has moved to dismiss Williams's motion and amended motion for failure to state a claim upon which relief can be granted. See [D.E. 67, 73].

A motion to dismiss under Rule 12(b)(6) of the Federal Rules of Civil Procedure for "failure to state a claim upon which relief can be granted" tests a complaint's legal and factual sufficiency. See Ashcroft v. Iqbal, 556 U.S. 662, 677–78 (2009); Bell Atl. Corp. v. Twombly, 550 U.S. 544,

2

562–63, 570 (2007); Coleman v. Md. Court of Appeals, 626 F.3d 187, 190 (4th Cir. 2010), aff'd, 566 U.S. 530 (2012); Giarratano v. Johnson, 521 F.3d 298, 302 (4th Cir. 2008); accord Erickson v. Pardus, 551 U.S. 89, 93–94 (2007) (per curiam). In considering a motion to dismiss, a court need not accept a complaint's legal conclusions. See, e.g., Iqbal, 556 U.S. at 678. Similarly, a court "need not accept as true unwarranted inferences, unreasonable conclusions, or arguments." Giarratano, 521 F.3d at 302 (quotation omitted); see Iqbal, 556 U.S. at 677–79. Moreover, a court may take judicial notice of public records without converting a motion to dismiss into a motion for summary judgment. See, e.g., Fed. R. Evid. 201; Tellabs, Inc. v. Makor Issues & Rights, Ltd., 551 U.S. 308, 322 (2007); Philips v. Pitt Cty. Mem'l Hosp., 572 F.3d 176, 180 (4th Cir. 2009). In reviewing a section 2255 motion, the court is not limited to the motion itself. The court may consider "the files and records of the case." 28 U.S.C. § 2255(b); see United States v. McGill, 11 F.3d 223, 225 (1st Cir. 1993). Likewise, a court may rely on its own familiarity with the case. See, e.g., Blackledge v. Allison, 431 U.S. 63, 74 n.4 (1977); United States v. Dyess, 730 F.3d 354, 359–60 (4th Cir. 2013).

Williams's plea agreement contains an appellate waiver. See Plea Ag. [D.E. 22] ¶ 2(c). In the waiver, Williams agreed

> [t]o waive knowingly and expressly the right to appeal whatever sentence is imposed on any ground, including any appeal pursuant to 18 U.S.C. § 3742, and further to waive any right to contest the conviction or the sentence in any post-conviction proceeding, including any proceeding under 28 U.S.C. § 2255, excepting an appeal or motion based upon grounds of ineffective assistance of counsel or prosecutorial misconduct not known to the Defendant at the time of the Defendant's guilty plea. The foregoing appeal waiver does not constitute or trigger a waiver by the United States of any of its rights to appeal provided by law.

Id. The appellate waiver is enforceable. See Williams, 575 F. App'x at 130–31. Williams's Johnson claim falls within the appellate waiver, and the waiver bars this claim. See, e.g., United

3

States v. Copeland, 707 F.3d 522, 528–30 (4th Cir. 2013); United States v. Davis, 689 F.3d 349, 354–55 (4th Cir. 2012) (per curiam); United States v. Thornsbury, 670 F.3d 532, 537 (4th Cir. 2012); United States v. Blick, 408 F.3d 162, 168 (4th Cir. 2005).

Alternatively, Johnson does not help Williams because Williams was not sentenced based on the Armed Career Criminal Act or the residual clause discussed in Johnson. Indeed, Williams appears to have abandoned any Johnson claim. See [D.E. 70]. Thus, Williams's Johnson claim fails.

As for Williams's ineffective-assistance claims, "[t]he Sixth Amendment entitles criminal defendants to the effective assistance of counsel—that is, representation that does not fall below an objective standard of reasonableness in light of prevailing professional norms." Bobby v. Van Hook, 558 U.S. 4, 7 (2009) (per curiam) (quotations omitted). The Sixth Amendment right to counsel extends to all critical stages of a criminal proceeding. See, e.g., Missouri v. Frye, 566 U.S. 133, 140 (2012); Lafler v. Cooper, 556 U.S. 156, 164–65 (2012). "[S]entencing is a critical stage of trial at which a defendant is entitled to effective assistance of counsel, and a sentence imposed without effective assistance must be vacated and reimposed to permit facts in mitigation of punishment to be fully and freely developed." United States v. Breckenridge, 93 F.3d 132, 135 (4th Cir. 1996); see Glover v. United States, 531 U.S. 198, 203–04 (2001). To state a claim of ineffective assistance of counsel in violation of the Sixth Amendment, Williams must show that his attorney's performance fell below an objective standard of reasonableness and that he suffered prejudice as a result. See Strickland v. Washington, 466 U.S. 668, 687–91 (1984).

When determining whether counsel's representation was objectively unreasonable, a court must be "highly deferential" to counsel's performance and must attempt to "eliminate the distorting effects of hindsight." Id. at 689. Therefore, the "court must indulge a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance." Id. A party

4

also must show that counsel's deficient performance prejudiced the party. See id. at 691–96. A party does so by showing that there is a "reasonable probability" that, but for the deficiency, "the result of the proceeding would have been different." Id. at 694.

First, Williams claims that his plea was not knowing and voluntary because his lawyer told him that he would receive a 10 to 12 year sentence. See [D.E. 64-1] 7. During Williams's Rule 11 hearing, however, Williams swore under oath that no one had made any promise to him about his sentence, and the court informed Williams that the court would determine his sentence and that any suggestion by counsel of a sentence was not binding on the court. See Rule 11 Tr. [D.E. 47] 9–11, 17–26, 28–29. Moreover, during Williams's Rule 11 hearing, Williams swore that he had discussed his entire plea agreement with his lawyer, that he understood each term in the plea agreement, and that he understood his appellate waiver. Id. at 26–28. Williams's plea agreement does not promise any particular sentence, much less a 10 to 12 year sentence. See Plea Ag. ¶¶ 1–5.

Williams's sworn statements at his Rule 11 proceeding bind him and defeat his first ineffective-assistance claim. See, e.g., Blackledge, 431 U.S. at 74; United States v. Moussaoui, 591 F.3d 263, 299–300 (4th Cir. 2010); United States v. LeMaster, 403 F.3d 216, 221–23 (4th Cir. 2005). Thus, Williams's first ineffective-assistance claim fails.

Next, Williams contends that counsel was ineffective by failing to move to suppress evidence resulting from an allegedly illegal search of Williams's cell phone. In support, Williams relies on Riley v. California, 134 S. Ct. 2473 (2014). The Supreme Court, however, did not decide Riley until June 25, 2014, long after the search of Williams's cell phone on January 8, 2013. Moreover, at the time of the search, the Fourth Circuit permitted "a warrantless search of a cell phone in the course of an inventory search incident to arrest." United States v. Miller, 641 F. App'x 242, 245 (4th Cir. 2016) (per curiam) (unpublished); see United States v. Murphy, 552 F.3d 405, 411–12 (4th Cir.

5

2009). A lawyer's assistance is not ineffective because the lawyer failed to anticipate a future change in the law. See United States v. McNamara, 74 F.3d 514, 516–17 (4th Cir. 1996). Thus, Williams's second ineffective-assistance claim fails.

Next, Williams contends that counsel was ineffective because counsel did not file a motion to withdraw Williams's guilty plea. The court, however, would have had no obligation to permit Williams to withdraw his guilty plea. See, e.g., Fed. R. Crim. P. 11(d)(2)(B); United States v. Hyde, 520 U.S. 670, 676–80 (1997). Furthermore, in light of Williams's sworn statements at his Rule 11 hearing, Williams has not plausibly alleged that the motion to withdraw would have been successful, and counsel has no obligation to file a baseless motion. See, e.g., Knowles v. Mirazaynce, 556 U.S. 111, 127–28 (2009). Thus, Williams's third ineffective-assistance claim fails.

Finally, Williams contends that a state detective's alleged falsification of evidence in another case "brings into question the veracity" of the evidence in Williams's case and the validity of Williams's conviction. The claim fails for at least two reasons. First, Williams waived his ability to bring such a claim when he pleaded guilty. See, e.g., Haring v. Prosise, 462 U.S. 306, 320–21 (1987); Tollett v. Henderson, 411 U.S. 258, 267 (1973). Alternatively, the general rule of procedural default bars this claim because Williams failed to raise it on direct appeal. See, e.g., Massaro v. United States, 538 U.S. 500, 504 (2003); Bousley v. United States, 523 U.S. 614, 621 (1998); United States v. Fugit, 703 F.3d 248, 253 (4th Cir. 2012); United States v. Sanders, 247 F.3d 139, 144 (4th Cir. 2001). Furthermore, Williams has not plausibly alleged "actual innocence" or "cause and prejudice" resulting from the alleged issue about which he now complains. See Bousley, 523 U.S. 622–24; Coleman v. Thompson, 501 U.S. 722, 753 (1991); United States v. Frady, 456 U.S. 152, 170 (1982); United States v. Pettiford, 612 F.3d 270, 280–85 (4th Cir. 2010); United States v. Mikalajunas, 186 F.3d 490, 492–95 (4th Cir. 1999). Thus, Williams's final claim fails.

After reviewing the claims presented in Williams's motion, the court finds that reasonable jurists would not find the court's treatment of Williams's claims debatable or wrong and that none of the claims deserve encouragement to proceed any further. Accordingly, the court denies a certificate of appealability. See 28 U.S.C. § 2253(c); Miller-El v. Cockrell, 537 U.S. 322, 336–38 (2003); Slack v. McDaniel, 529 U.S. 473, 484 (2000).

II.

In sum, the court GRANTS the government's motions to dismiss [D.E. 67, 73], DISMISSES Williams's section 2255 motion and amended motion [D.E. 62, 64], and DENIES a certificate of appealability.

SO ORDERED. This _1_ day of May 2017.

JAMES C. DEVER III
Chief United States District Judge

7